UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 14-24067-CIV-GAYLES/WHITE

JOHNNY LEE LASTER,
    Plaintiff,

v.

OFFICER A. LEE, et al.,
    Defendants.
                                        /

**ORDER**

**THIS CAUSE** comes before the Court on Magistrate Judge Patrick A. White's Report Re Motion for Summary Judgment [ECF No. 75]. In his *pro se* civil rights Amended Complaint, Plaintiff Johnny Lee Laster alleges that Defendant Officer A. Lee sexually assaulted him while confined at the Everglades Correctional Institution ("ECI"). [ECF No. 13]. On June 10, 2016, Defendant filed a Motion for Summary Judgment [ECF No. 51]. The matter was referred to Judge White, pursuant to Administrative Order 2003-19 of this Court, for a ruling on all pretrial, nondispositive matters, and for a Report and Recommendation on any dispositive matters. [ECF No. 3]. Judge White's Report recommends that the Court grant Defendant's Motion for Summary Judgment and deny Defendant's Motion to Strike as moot.

A district court may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1). When a magistrate judge's "disposition" has properly been objected to, district courts must review the disposition *de novo*. Fed. R. Civ. P. 72(b)(3). The Court has undertaken a *de novo* review of the record and the relevant legal authority. For the reasons that follow, the Court declines to adopt the Magistrate Judge's Report.

I.  **BACKGROUND**

On October 31, 2014, Plaintiff filed his original *pro se* Complaint under 42 U.S.C. § 1983, alleging that on June 5, 2014, Defendant Lee sexually assaulted him while he was confined at ECI. [ECF No. 1]. He sought monetary damages in the amount of $5 million. [*Id.*].[1] Thereafter, Plaintiff filed an Amended Complaint, reiterating identical allegations against Defendant Lee as those in the original Complaint.[2] Plaintiff describes the assault in detail, which he contends occurred while he was waiting in the hall to be treated in the mental health department. [ECF No. 13 at 2, 4–5]. Specifically, Plaintiff asserts that Defendant made sexual comments, licked her lips, pulled his pants down, told him she was going to search him, and then rubbed and groped his penis with gloves. She then proceeded to place her right index finger inside her mouth before inserting it inside his rectum. [*Id.*]. Defendant then threatened to "have [Plaintiff] stop breathing" if he told anyone about the incident. [*Id.* at 4]. Plaintiff proceeded to see his mental health counselor but "[w]as scared to tell him what [he] just experience[d]." [*Id.*].

Plaintiff alleges that he submitted a written informal grievance based on the incident to Warden Larry Mayo's office at ECI but did not receive a response within ten days. [*Id.* at 5]. He next filed a formal grievance and was interviewed by an officer he identifies as Colonel Lago about his informal and formal grievances. Lago told him to cease filing complaints and threatened to place him in confinement or have him transferred. [*Id.*]. Plaintiff next spoke with Assistant Warden Kavell Scott about the alleged assault and his communication with Lago.

---

[1] Judge White issued a Report and Recommendation on Plaintiff's original Complaint in which he recommended that the Complaint against Defendant Lee for sexual assault and sexual harassment proceed and that the claims against Defendants Inspector General Beasley and Warden Mayo be dismissed for failure to state a claim upon which relief may be granted. [ECF No. 12 at 8–9].

[2] This Court affirmed and adopted Judge White's Report and Recommendation on Plaintiff's Amended Complaint [ECF No. 15], which recommended that (1) the Amended Complaint constitute the operative complaint; (2) the claim against Defendant Lee for sexual assault and sexual harassment proceed; and (3) all claims against Defendant Warden Mayo be dismissed for failure to state a claim upon which relief may be granted. [ECF No. 26 at 3].

2

Plaintiff alleges that he was moved on October 17, 2014, to Santa Rosa Correctional Institution (Annex) in retaliation for his grievances. [*Id.*].

On June 10, 2016, Defendant filed a Motion for Summary Judgment, in which she argues that Plaintiff failed to establish a claim for sexual assault and that the record evidence contradicts Plaintiff's version of the events. [ECF No. 51 at 1]. Specifically, Defendant argues that Plaintiff received orientation on reporting sexual assault, that he had numerous opportunities to report the assault to medical and mental health staff but failed to do so, and that the record is absent of evidence of an injury. [*Id.* at 3]. Defendant argues that Plaintiff's claims are implausible because the hallway in which Plaintiff alleges the incident took place is open and very busy so an officer would likely not choose that hallway to commit a sexual assault on an inmate [*Id.* at 7–8]. Defendant further argues that even assuming that Defendant performed a search, as Plaintiff alleges, such a search would not constitute an Eighth Amendment violation. [*Id.* at 4].

Defendant also points to Plaintiff's medical record, which indicates that "Plaintiff is psychotic and suffers from hallucinations and exhibits 'allegations de jour.'" [*Id.*]. Relying on the fact that Plaintiff had never filed any grievances against Defendant prior to the alleged sexual assault, Defendant argues that there is no evidence to support that Defendant had a "sufficiently culpable state of mind" or that Defendant had a personal vendetta against Plaintiff. [*Id.* at 5–6]. Finally, Defendant argues that she is entitled to qualified immunity because there is no record evidence to indicate that she violated any of Plaintiff's clearly established statutory or constitutional rights. [*Id.* at 8–9].

On August 19, 2016, Judge White issued an Order Instructing Pro Se Plaintiff Concerning Response to Motion for Summary Judgment [ECF No. 63]. The Order notified Plaintiff of Defendant's Motion for Summary Judgment, advised Plaintiff of Federal Rule of Civil Procedure 56 as well as his right to file affidavits or other materials in opposition, and

instructed Plaintiff to file a response by September 15, 2016. [*Id.* at 1–2]. On August 23, 2016, Plaintiff filed a Motion to Compel Production of Documents, which Judge White denied.

On November 15, 2016, Plaintiff filed a document titled "Statement of 'Disputed Facts' Issues on the Merit" and an accompanying affidavit, in which he argues, *inter alia*, that there are genuine issues of material fact that preclude summary judgment and that Defendant improperly used Plaintiff's "medical handicap" in support of summary judgment [ECF No. 71 at 3–4, 6–7]. Plaintiff also requested that the Court appoint counsel for him.[3] [*Id.* at 4]. On November 17, 2016, Defendant filed a Motion to Strike Plaintiff's Response to Defendant's Statement of Uncontested Facts, arguing, *inter alia*, that Plaintiff failed to comply with Southern District of Florida Local Rule 56.1 and Federal Rule of Civil Procedure 56(c) in responding to Defendant's Statement of Facts. [ECF No. 72].

On December 6, 2016, Judge White issued the instant Report Re Motion for Summary Judgment [ECF No. 75]. Judge White noted that Plaintiff failed to contest the facts contained in Defendant's Motion for Summary Judgment, and as such, he considered Defendant's facts undisputed. On December 20, 2016, Plaintiff filed a document titled, "Objection to Summary Judgment Motion for Enlargement of Time" [ECF No. 76]. Judge White construed this Motion as a Motion for Enlargement of Time, and he provided Plaintiff until January 18, 2017, to file objections to his Report. [ECF No. 78]. On January 18, 2017, Plaintiff filed his Objection to Motion for Summary Judgment [ECF No. 79].

## II.   LEGAL STANDARD

Summary judgment, pursuant to Federal Rule of Civil Procedure 56(a), "is appropriate only if 'the movant shows that there is no genuine issue as to any material fact and the movant is

---

[3] Judge White denied Plaintiff's Motion to Appoint Counsel [ECF No. 35] on December 1, 2015, finding that Plaintiff failed to allege any facts that would constitute "exceptional circumstances" to justify appointing counsel [ECF No. 36].

4

entitled to judgment as a matter of law.'" *Tolan v. Cotton*, 134 S. Ct. 1861, 1866 (2014) (per curiam) (quoting Fed. R. Civ. P. 56(a)); *see also Alabama v. North Carolina*, 560 U.S. 330, 344 (2010). "By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986).

An issue is "genuine" when a reasonable trier of fact, viewing all of the record evidence, could rationally find in favor of the nonmoving party in light of his burden of proof. *Harrison v. Culliver*, 746 F.3d 1288, 1298 (11th Cir. 2014). And a fact is "material" if, "under the applicable substantive law, it might affect the outcome of the case." *Hickson Corp. v. N. Crossarm Co.*, 357 F.3d 1256, 1259–60 (11th Cir. 2004). "Where the material facts are undisputed and all that remains are questions of law, summary judgment may be granted." *Eternal Word Television Network, Inc. v. Sec'y of U.S. Dep't of Health & Human Servs.*, 818 F.3d 1122, 1138 (11th Cir. 2016).

The Court must construe the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor. *SEC v. Monterosso*, 756 F.3d 1326, 1333 (11th Cir. 2014). "Even if the district court believes that the evidence presented by one side is of doubtful veracity, it is not proper to grant summary judgment on the basis of credibility choices." *Miller v. Harget*, 458 F.3d 1251, 1256 (11th Cir. 2006). However, to prevail on a motion for summary judgment, "the nonmoving party must offer more than a mere scintilla of evidence for its position; indeed, the nonmoving party must make a showing sufficient to permit the jury to reasonably find on its behalf." *Urquilla-Diaz v. Kaplan Univ.*, 780 F.3d 1039, 1050 (11th Cir. 2015).

* * *

Southern District of Florida Local Rule 56.1 states that "[a] motion for summary judgment and the opposition thereto shall be accompanied by a statement of material facts as to which it is contended that there does not exist a genuine issue to be tried or there does exist a genuine issue to be tried, respectively." S.D. Fla. L.R. 56.1(a). A statement shall, *inter alia*, "[b]e supported by specific references to pleadings, depositions, answers to interrogatories, admissions, and affidavits on file with the Court." *Id.* R. 56.1(a)(2). Furthermore, a statement of material facts submitted in opposition to a motion for summary judgment "shall correspond with the order and with the paragraph numbering scheme used by the movant." *Id.* R. 56.1(a). Local Rule 56.1(b), which governs the effect of a nonmovant's failure to controvert a movant's statement of undisputed facts, provides: "All material facts set forth in the movant's statement filed and supported as required above will be deemed admitted unless controverted by the opposing party's statement, provided that the Court finds that the movant's statement is supported by evidence in the record." *Id.* R. 56.1(b).

Although Plaintiff failed to timely respond to Defendant's Motion for Summary Judgment or timely file an opposing statement of material facts, the Court "cannot base the entry of summary judgment on the mere fact that the motion was unopposed." *United States v. 5800 S.W. 74th Ave.*, 363 F.3d 1099, 1101 (11th Cir. 2004). "Even in an unopposed motion [for summary judgment], . . . 'the movant is not absolve[d] . . . of the burden of showing that it is entitled to a judgment as a matter of law,'" and the Court "must still review the movant's citations to the record to determine if there is, indeed, no genuine issue of material fact." *Mann v. Taser Int'l, Inc.*, 588 F.3d 1291, 1303 (11th Cir. 2009) (quoting *Reese v. Herbert*, 527 F.3d 1253, 1268 (11th Cir. 2008)). To that end, the Court must "consider the merits of the motion" and "review all of the evidentiary materials submitted in support of the motion," *5800 S.W. 74th Ave.*, 363 F.3d at 1101–02, in order to "satisfy itself that the [movant's] burden has been satisfactorily

discharged," *Reese*, 527 F.3d at 1268. Further, because "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys," they are liberally construed. *Boxer X v. Harris,* 437 F.3d 1107, 1110 (11th Cir. 2006) (quoting *Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003)). As such, the Court denies Defendant's Motion to Strike Plaintiff's Response to Defendant's Statement of Uncontested Facts [ECF No. 72].

## III. DISCUSSION

Plaintiff and Defendant present the classic case of a "swearing contest" involving Defendant's alleged sexual assault of Plaintiff. *Joassin v. Murphy*, 661 F. App'x 558, 560 (11th Cir. 2016) (per curiam). While Plaintiff provides an explicit—and consistent—description of the incident,[4] Defendant provides affidavits from individuals affiliated with ECI to deny that the incident occurred and to argue that Plaintiff's claims of sexual assault are implausible and refuted by the record. Defendant argues that she "should not need to defend herself against the Plaintiff's self-serving statements and implausible allegations" [ECF No. 51 at 9],[5] yet she provides testimony from individuals affiliated with ECI who merely state that the alleged assault was unlikely and that Plaintiff failed to report an assault or medical needs.

This Court nevertheless finds that Defendant failed to satisfy her initial burden of demonstrating through evidence that there are no genuine issues of material fact. There are only two purported witnesses to the alleged assault: Plaintiff and Defendant. While the Plaintiff's version of events may be implausible or unlikely, it does create genuine issues of material fact which preclude entry of summary judgment.

---

[4] Plaintiff's recounting of the incident has remained consistent in his Complaint, Amended Complaint, affidavits, deposition testimony, and sworn statement. *See Joassin*, 661 F. App'x at 559 ("The district court improperly granted summary judgment in favor of the Defendants. While some details of [Plaintiff's] account of the incident have varied, the bulk of [Plaintiff's] claims have remained consistent.").

[5] *See Joassin*, 661 F. App'x at 559; *see also Newsome v. Chatham Cty. Det. Ctr.*, 256 F. App'x 342, 346 (11th Cir. 2007) (per curiam) ("[F]or purposes of summary judgment, there is nothing inherently wrong with 'self-serving testimony,' and it may not be disregarded by the district court in determining whether there is a genuine dispute of fact on a material issue in the case.").

In his Report, the Magistrate Judge does not address Defendant's qualified immunity argument, but instead cites to Eighth Amendment jurisprudence to find that Plaintiff's allegations, assuming they are true, do not rise to the level of an Eighth Amendment violation. [ECF No. 75 at 19–21]. The Court declines to adopt the Magistrate Judge's Report in this respect because the Eighth Amendment cases to which he cites are factually distinguishable from the instant case—namely, the cases cited in the Report do not involve digital anal penetration.

"[S]exual abuse of a prisoner by a corrections officer has no legitimate penological purpose, and is simply not part of the penalty that criminal offenders pay for their offenses against society." *Boxer X*, 437 F.3d at 1111 (quoting *Boddie v. Schnieder*, 105 F.3d 857, 861 (2d Cir. 1997)) (alteration in original). The Eleventh Circuit has held that "severe or repetitive sexual abuse of a prisoner by a prison official can violate the Eighth Amendment." *Id.* "The Eighth Amendment's prohibition of 'cruel and unusual' punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind.'" *Hudson v. McMillian*, 503 U.S. 1, 10 (1992) (quoting *Whitley v. Albers*, 475 U.S. 312, 327 (1986)). An Eighth Amendment violation requires proof of an "objectively, sufficiently serious" injury and a "sufficiently culpable state of mind." *Boxer X*, 437 F.3d at 1111 (quoting *Boddie*, 105 F.3d at 861).

In concluding that Plaintiff's allegations do not rise to the level of an Eighth Amendment violation, the Magistrate Judge relied on *Boxer X*,[6] which held that a male prisoner did not suffer more than a *de minimis* injury when a female prison guard demanded, under the threat of reprisal, that the prisoner masturbate for her viewing. 437 F.3d at 1111. However, Plaintiff's

---

[6] The Magistrate Judge also relies on *Boddie*, 105 F.3d 857, which the Second Circuit overruled in part in *Crawford v. Cuomo*, 796 F.3d 252 (2d Cir. 2015). In *Crawford*, the Second Circuit held that while the standard set forth in *Boddie* remains the same, the proper application of the rule in *Boddie* must reflect today's standards of decency. *See id.* at 256–60. ("Without suggesting that *Boddie* was wrongly decided in 1997, we conclude that the result in that case would likely be different applying the same rule today.").

8

allegations are markedly different in kind and severity from the prisoner's allegations in *Boxer X*.[7] Specifically, Defendant's alleged "use of force" to manually rub Plaintiff's penis and digitally penetrate his rectum while he was handcuffed is, if true, "repugnant to the conscience of mankind." *Whitley*, 475 U.S. at 327. "When prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency always are violated . . . whether or not significant injury is evident." *Hudson*, 503 U.S. at 9*; see also Washington v. Hively*, 695 F.3d 641, 643 (7th Cir. 2012) ("An unwanted touching of a person's private parts, intended to humiliate the victim or gratify the assailant's sexual desires, can violate a prisoner's [Eighth Amendment] rights whether or not the force exerted by the assailant is significant.").

The Court also finds that even if Plaintiff's allegations do not violate the Eighth Amendment, they violate his constitutional right to bodily privacy as held in *Boxer X* and *Fortner v. Thomas*, 983 F.2d 1024 (11th Cir. 1993). *See also Boxer X v. Harris*, 459 F.3d 1114, 1115 (11th Cir. 2006) (en banc) (Carnes, J., concurring in the denial of rehearing en banc) ("Our decisions are controlling only in cases involving materially similar facts. If the facts in a future case are similar enough to those in this case for the panel's decision to apply, the plaintiff in that future case will have a valid privacy rights violation theory just as [plaintiff] has one."). In *Fortner*, the Eleventh Circuit joined other circuits in recognizing a prisoner's constitutional right to bodily privacy. 983 F.2d at 1030. The Eleventh Circuit held that female officers violated the prisoners' right to privacy when they solicited the prisoners to masturbate and exhibit their genitals for the female officers' viewing. *Id.* at 1027–30. Similarly, in *Boxer X*, the Eleventh Circuit held that a female prison guard violated the prisoner's privacy rights under *Fortner* when she demanded that the prisoner masturbate before her. *Boxer X*, 437 F.3d at 1111.

---

7   The district court in *Boxer X* "relied heavily on the fact that [the prison guard] never touched [the prisoner]." *Boxer X v. Harris*, 459 F.3d 1114, 1118 (11th Cir. 2006) (en banc) (Barkett, J., dissenting).

Because the Magistrate Judge recommended granting Defendant's Motion for Summary Judgment on the preceding issues, he did not address whether Defendant is entitled to qualified immunity. This Court now considers that question and finds that Defendant is not entitled to summary judgment on the basis of qualified immunity.

"In resolving questions of qualified immunity at summary judgment, courts engage in a two-pronged inquiry." *Tolan v. Cotton*, 134 S. Ct. 1861, 1865 (2014) (per curiam). First, the court "asks whether the facts, '[t]aken in the light most favorable to the party asserting the injury, . . . show the officer's conduct violated a [federal] right[.]'" *Id.* (quoting *Saucier v. Katz*, 533 U.S. 194, 201 (2001)) (alterations in original). Second, the court "asks whether the right in question was 'clearly established' at the time of the violation." *Id.* at 1866 (quoting *Hope v. Pelzer*, 536 U.S. 730, 739 (2002)). As the Court explains above, the first prong—whether the facts, taken in the light most favorable to the Plaintiff, show the officer violated a federal right—is satisfied. What remains, then, is whether the right in question was "clearly established" at the time of the alleged violation.

"For a constitutional right to be clearly established, its contours 'must be sufficiently clear that a reasonable official would understand that what he is doing violates that right.'" *Hope*, 536 U.S. at 739 (quoting *Mitchell v. Forsyth*, 472 U.S. 511, 535 n.12 (1985)). It is not necessary that the precise action alleged has been previously held unlawful. Rather, it is enough that legal precedents gave an official "'fair warning' that his conduct deprived his victim of a constitutional right." *Id.* at 740 (quoting *United States v. Lanier*, 520 U.S. 259, 268 (1997)). As discussed above, the Eleventh Circuit has held that "severe or repetitive sexual abuse of a prisoner by a prison official can violate the Eighth Amendment." *Boxer X*, 437 F.3d at 1111. Though the Eleventh Circuit has not precisely defined "severe," this Court finds that a reasonable official has fair warning from *Boxer X* that forced anal penetration of a prisoner

10

against his will—undeniably "severe" sexual abuse—constitutes an Eighth Amendment violation. Furthermore, even if a reasonable official would not be on fair notice that the alleged acts violate Plaintiff's Eighth Amendment rights, *Fortner* and *Boxer X* make clear that sexual abuse—indeed sexual abuse less severe than what is alleged here—violates a prisoner's constitutional right to bodily privacy.

### III. CONCLUSION

Based on the foregoing, it is

**ORDERED AND ADJUDGED** that

1. Magistrate Judge's Report and Recommendation [ECF No. 75] is **NOT ADOPTED**;

2. Defendant's Motion for Summary Judgment [ECF No. 51] is **DENIED**; and

3. Defendant's Motion to Strike Plaintiff's Response to Defendant's Statement of Uncontested Facts [ECF No. 72] is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 29th day of September, 2017.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE